IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HANK ARKULARI,

Plaintiff,

vs.

PRISON MEDICAL STAFF, PRISON
MEDICAL DIRECTOR, PRISON
ADMINISTRATION, and JON DOE, UNK
Name, Individual capacity and official
capacity;

Defendants.

8:22CV446

MEMORANDUM AND ORDER

Plaintiff, a state prisoner, filed his pro se Complaint on December 30, 2022. Filing No. 1. Plaintiff has been granted leave to proceed in forma pauperis, and the initial partial filing fee was paid on February 9, 2023. Filing No. 7. The Court will now conduct an initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Also before the Court are Plaintiff's Motions to Appoint Counsel, Filing No. 6, Filing No. 10, and Filing No. 13; Plaintiff's Motion for Court Ordered Case Progression, Filing No. 11; and Plaintiff's Motion to File Exhibits A, B, C, and D, Filing No. 12.

## I. SUMMARY OF COMPLAINT

Plaintiff alleges he is a prisoner, in the custody of the Nebraska Department of Correctional Services ("NDCS"). Filing No. 1 at 1. He asserts his claims against several John Doe Defendants: an unknown member of the Prison Medical Staff, a member of the Prison Administration, and the Prison Medical Director.[1] See Filing No. 1 at 2-3. Each are sued in their official and individual capacities. Filing No. 1 at 2-3. Construed liberally,

---

[1] Plaintiff identifies Defendants only by title. Accordingly, the Court will refer to Defendants by these titles for purposes of summarizing Plaintiff's Complaint.

Plaintiff asserts Defendants denied Plaintiff medical treatment, demonstrated a hostile attitude to Plaintiff's medical need, and showed deliberate indifference to Plaintiff's serious medical need, all in violation of the Eighth and Fourteenth Amendments. Filing No. 1 at 3. Plaintiff seeks damages, including punitive damages, in the amount of $75,000.00 against Defendant Prison Medical Staff; $10,000.00 in damages from Prison Administration; and $10,000.00 in damages from Prison Medical Director. Filing No. 1 at 8.

Plaintiff alleges that in August 2022, he was diagnosed with Hepatitis C. Filing No. 1 at 4, 16. Plaintiff also alleges that he has had Hepatitis C since 2019. Filing No. 1 at 17. Plaintiff alleges that because of his diagnosis, he is at risk of permanent disability or severe liver damage and is at risk of having a shorter life span. Filing No. 1 at 18. Plaintiff alleges that Defendant Prison Medical Staff told Plaintiff that he did not meet the requirements for treatment for his Hepatitis C diagnosis. Filing No. 1 at 6, 17. Instead, Prison Medical Staff told Plaintiff that treatment for Hepatitis C was expensive, so Prison Medical Staff would monitor the spread of the disease. Filing No. 1 at 6. Prison Medical Staff explained that Plaintiff's medical records would be reviewed by a "Hepatitis-C Committee Board" to determine whether Plaintiff met the requirements for treatment. Filing No. 1 at 17.

On November 29, 2022, Plaintiff submitted a grievance claiming that he was "in the danger zone" and that if he did not receive immediate treatment through medication, the medication would not work. Filing No. 1 at 19. Prison staff responded that all Hepatitis-C patients were "followed in the Chronic Care Clinic," labs were "monitored for

2

advancement of the disease," and all patients were put in a queue for treatment.  Filing No. 1 at 19.

On December 5, 2022, Plaintiff again made a request for treatment.  Filing No. 1 at 20.  Prison staff responded that they would reassess Plaintiff's initial lab results after six months.  Filing No. 1 at 20.  If Plaintiff's labs met criteria for treatment, staff would request treatment.  Filing No. 1 at 20.  Plaintiff made several other requests for treatment and each time he was told prison staff would meet with him or that he did not qualify for immediate treatment.  See Filing No. 1 at 21, 22, 31.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  See 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"  Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983 to recover damages[2] for alleged violations of Plaintiff's rights under the Eighth and Fourteenth Amendment. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, the

---

[2] Plaintiff also seeks an injunction against Defendant Prison Medical Staff to "stop certain activity like negligence and medical malpractice." Filing No. 1 at 8. This request is ambiguous and would essentially result in an injunction against Defendant Prison Medical staff to obey the law. Moreover, for the reasons stated below, even if this request were specific, Plaintiff's claims cannot proceed against Defendant Prison Medical Staff on the facts alleged.

Court finds that the Complaint states a plausible claim for relief against Defendants Prison Medical Director and Prison Administration.

## A. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981).

The Eleventh Amendment also bars claims for damages against state employees in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). This is because "[a] suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). Here, Plaintiff seeks monetary damages from Defendants in their individual and official capacities. There is no indication that Nebraska waived, or Congress overrode the state's immunity here. Therefore, to the extent Plaintiff sues Defendants in their official capacities for money damages, the claim must be dismissed.

## B. Claims Against "Prison Medical Staff"

Plaintiff also sues Defendants in their individual capacities for money damages, though the identity of the Defendants are unknown to Plaintiff. In general, a plaintiff may

not name fictitious parties as defendants in a lawsuit. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). But dismissal of fictitious parties is only appropriate "when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention." *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). An action may proceed against a fictious party so long as the complaint makes "allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Est. of Rosenberg by Est. of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995); *see also Salinas v. Clark*, No. 1:22-CV-159, 2023 WL 2345998, at *4 (E.D. Mo. Mar. 3, 2023) (permitting claims to proceed because plaintiff made specific allegations against John Doe defendants) (citing *Rosenberg*, 56 F.3d at 37).

In this case, Plaintiff's allegations against Defendant Prison Medical Staff are insufficient to identify the party through discovery or Court intervention. Plaintiff makes broad allegations against Prison Medical Staff. Most of Plaintiff's allegations refer to "Defendants" collectively and do not identify wrongdoing by any singular member or members of the Prison Medical Staff. *See*, *e.g.*, Filing No. 1 at 6-7, 16-18. Plaintiff makes no specific, actionable allegations against any single member of the Prison Medical Staff. Accordingly, his claims against Prison Medical Staff should be dismissed. Nevertheless, Plaintiff will be given leaven to amend his Complaint to identify specific members of the prison medical staff and allege specific facts of their wrongdoing, provided such facts can be credibly alleged.

## C.  Individual Capacity Claims Against "Prison Medical Director" and "Prison Administration"

The remaining Defendants are "Prison Medical Director" and "Prison Administration." Plaintiff describes Prison Medical Director as the "chief medical director"

6

at NDCS.  Filing No. 1 at 16.  Plaintiff describes Defendant Prison Administration as the "director of operations."  Filing No. 1 at 16.  Construed liberally, these Defendants may be at least somewhat identifiable.[3]  However, even if these Defendants are identifiable, Plaintiff makes no allegation that either Defendant personally denied Plaintiff's medical care or engaged in other wrongdoing.  Liability under section 1983 is "personal."  *Molina v. City of St. Louis, Missouri*, 59 F.4th 334, 344 (8th Cir. 2023) (citing *White v. Jackson*, 865 F.3d 1064, 1080-81 (8th Cir. 2017)).  This means that "a plaintiff must show each individual defendant's personal involvement in the alleged violation."  *Id.* (quoting *White*, 865 F.3d at 1081).

Specific to this case, "prison supervisors . . . cannot be held liable under § 1983 on a theory of respondeat superior."  *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012) (quoting *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010)).  This means that prison supervisors, such as the Director Defendants, cannot be liable for the acts of other prison employees and may only be liable for their personal involvement in any wrongdoing.  Prison supervisors can incur liability for their "personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices."  *Luckert v. Dodge Cnty.*, 684 F.3d at 817 (citing *Choate v. Lockhart,* 7 F.3d 1370, 1376 (8th Cir. 1993)).

Plaintiff makes no allegation that would permit an inference that the Director Defendants were personally involved in any constitutional violation.  There is no allegation that the Director Defendants knew of Plaintiff's medical condition and personally denied care.  Plaintiff only alleges that the Director Defendants failed "to have adequate system

---

[3] Because Defendant Prison Administration or Prison Medical Director are both described as directors, the Court will refer to them collectively in this Memorandum and Order as the "Director Defendants."

for Plaintiff's medical need and interference of medical treatment." (sic) Filing No. 1 at 8. Thus, even if the Director Defendants are identifiable, Plaintiff does not allege any personal wrongdoing.

Plaintiff's claims against the Director Defendants may only proceed if he alleges facts supporting an inference that the Director Defendants' corrective inaction amounted to deliberate indifference to or tacit authorization of unconstitutional practices. "[D]eliberate indifference is a difficult standard to meet." *Leonard v. St. Charles Cnty. Police Dep't*, 59 F.4th 355, 360 (8th Cir. 2023) (quoting *Spencer v. Knapheide Truck Equip., Co.*, 183 F.3d 902, 906 (8th Cir. 1999)). To meet the standard, a plaintiff must show an official "consciously disregard[ed] a known and 'objectively serious medical need." *Id.* (quoting *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011)). Hepatitis C is a serious medical need. *See Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004); *Clay v. Corizon Health LLC*, No. 4:21CV877, 2021 WL 4963520, at *5 (E.D. Mo. Oct. 26, 2021). The issue then, is whether Plaintiff has sufficiently alleged that the Director Defendants acted with deliberate indifference in refusing to provide immediate treatment to Plaintiff.

Liberally construed, Plaintiff alleges the Director Defendants failed to provide needed treatment by maintaining policies that interfered with Plaintiff's medical care. Plaintiff does not describe the policy except to say Defendants denied immediate treatment for Plaintiff's Hepatitis C because Defendants determined treatment was too expensive, Filing No. 1 at 6, 17; concluded Plaintiff did not meet the requirements for treatment, Filing No. 1 at 16; or failed to provide any explanation at all, Filing No. 1 at 17. Though the alleged basis for denying treatment varied, Plaintiff consistently maintains

that failing to provide immediate treatment for his Hepatitis C placed him at severe risk and amounted to deliberate indifference.  *See* Filing No. 1 at 16-17.

"[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge."  *Long v. Nix,* 86 F.3d 761, 765 (8th Cir. 1996).  "As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment."  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  In other words, deliberate indifference "requires more than mere disagreement with treatment decisions."  *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).  Several courts in this circuit[4] and outside this circuit[5] have applied these principles in rejecting claims—like Plaintiff's—where a prisoner requests immediate or specific treatment for Hepatitis C.  These courts consistently hold that a

---

[4] *See, e.g., Doering v. Kelley,* No. 5:17CV00125, 2018 WL 1885506, at *5 (E.D. Ark. Mar. 27, 2018), *report and recommendation adopted*, No. 5:17-CV-125, 2018 WL 1875477 (E.D. Ark. Apr. 19, 2018), *aff'd*, 759 F. App'x 556 (8th Cir. 2019) (rejecting plaintiff's deliberate indifference claim because his request for pharmaceutical treatment where he did not meet a treatment threshold was a disagreement with treatment decision); *Briley v. Weber,* No. 12-CV-4169, 2014 WL 2592590, at *6–7 (D.S.D. June 10, 2014) (concluding defendants were not deliberately indifference because plaintiff was not denied medical treatment, he was denied drug therapy treatment); *Carlson v. Weber,* No. 08-CV-4101, 2010 WL 3701359, at *6 (D.S.D. Sept. 14, 2010) (concluding defendants' treatment of plaintiff's Hepatitis C through monitoring, but not drug therapy, was not deliberately indifferent to Carlson's medical needs); *Pennington v. Kelley,* No. 08-CV-00018, 2009 WL 3010912, at *3-4 (E.D. Ark. Sept. 16, 2009) (plaintiff's assertion that anti-viral treatment should have started earlier was merely a disagreement with treatment decisions where plaintiff's Hepatitis C was regularly monitored in chronic care); *Tucker v. U.S. Dir. of Bureau of Prisons,* No. 09-CV-1862, 2010 WL 3033916 (D.Minn. Apr.21, 2010) (holding prison doctors' refusal to restart Hepatitis C drug therapy for inmate who started and voluntarily stopped drug therapy was not deliberate indifference).

[5] *See, e.g., Floyd v. Chief Med. Dir. of UTMB,* 210 Fed. App'x 387, 388–89 (5th Cir.2006) (holding prison officials were not deliberately indifferent to inmate's serious medical needs when they refused to treat his Hepatitis C with drug therapy); *Pickett v. Hubert,* 244 F.3d 136 (5th Cir.2000) (construing inmate's deliberate indifference to medical needs claim where drug therapy for Hepatitis C was not provided as a disagreement with the treatment); *Troutt v. Corr. Healthcare Mgmt., Inc.,* No. CIV–04–1570–C, 2006 WL 2372987 (W.D.Okla. Aug.14, 2006) (holding course of treatment for Hepatitis C that included monitoring condition but not drug therapy did not amount to deliberate indifference).

defendant is not deliberately indifferent for treating Hepatitis C through monitoring but not drug therapy. *See, e.g., Carlson v. Weber*, No. 08-CV-4101, 2010 WL 3701359, at *6 (D.S.D. Sept. 14, 2010). However, many of these courts have reached this conclusion only after permitting the case to proceed to discovery and summary judgment. *See, e.g.*, *Doering*, 2018 WL 1885506, at *5; *Tucker,* 2010 WL 3033916, at *3; *Carlson*, 2010 WL 3701359, at *6;

While Plaintiff's allegations and the attached documentation are minimal, Plaintiff has met the limited threshold on initial review as to Defendants Prison Medical Director and Prison Administration. Plaintiff alleges that he requested Hepatitis C therapy and that he requires such treatment.[6] Plaintiff alleges that due to prison policies, he was not permitted to receive treatment. Plaintiff's allegations combined with the documents attached to the Complaint[7] are sufficient to state plausible claims for relief at this juncture as to Defendant Prison Medical Director and Prison Administration in their individual capacities. The Court cautions Plaintiff that this is only a preliminary determination based on his allegations and is not a determination of the merits of his claims or potential defenses thereto. Further, no summonses will be issued until after Plaintiff takes steps

---

[6] To state a claim for relief for failure to treat Hepatitis C, courts have held that a Plaintiff must allege a specific risk of severe illness and failure to treat, *see, e.g., Hankins v. Russell*, No. 4:15-cv-00697, Doc. No. 4 (May 5, 2015), or specific details of an arbitrary policy in treating Hepatitis C patients, *see Postawko v. Missouri Dep't of Corr.*, No. 2:16-CV-04219-NKL, 2017 WL 1968317, at *8 (W.D. Mo. May 11, 2017); *Jamal v. Wetzel*, 2017 WL 34700, at *16 (M.D. Pa. Jan. 3, 2017).

[7] In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted), Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Fleeman v. Corizon*, No. 2:19-CV-75, 2020 WL 3288395, at *3–4 (E.D. Mo. June 18, 2020), *aff'd*, No. 20-2455, 2020 WL 8161671 (8th Cir. Oct. 26, 2020).

to identify the Director Defendants and has had an opportunity to amend his Complaint in accordance with this Memorandum and Order.

## IV. PENDING MOTIONS

### A.  Motions to Appoint Counsel

Plaintiff filed several Motions to Appoint Counsel.  Filing No. 6, Filing No. 10, Filing No. 13.  "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).  "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as, at this early stage of litigation, Plaintiff appears able to adequately present his claims.  The Court is, however, aware that this situation may change if Plaintiff amends his complaint to state a claim and litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

**B.  Other Motions**

Plaintiff filed a Motion for Court Ordered Case Progression, Filing No. 11. Because Plaintiff has alleged a cause of action potentially cognizable under § 1983, the Court will enter a progression order.  However, the Court cannot immediately enter a progression order because Plaintiff has not identified the names of the Director Defendants. Accordingly, the Court will deny Plaintiff's Motion as premature, but will enter a progression order when Plaintiff completes service of process and Defendants have filed an answer.

Plaintiff also filed a Motion to File Exhibits A, B, C, and D, Filing No. 12.  The Court construes Plaintiff's Motion to be a request to amend his original Complaint to include the exhibits attached to Filing No. 12.  The exhibits include several articles on treatment for Hepatitis C and an additional Inmate Interview Request.  The Court will grant Plaintiff's Motion and considers the documents attached to Filing No. 12 as part of the original Complaint.

## V.  CONCLUSION

For purposes of initial review, Plaintiff's Complaint states plausible claims against Defendants Prison Medical Director and Prison Administration but does not state a claim against Defendant Prison Medical Staff.  Accordingly, this case may proceed to service of process against Defendants Prison Medical Director and Prison Administration.  As a litigant proceeding in forma pauperis in this case, Plaintiff is entitled to have service of process performed by the United States Marshals.  However, the United States Marshal's Service cannot initiate service upon an unnamed defendant, and Plaintiff has not specifically identified the individual Prison Medical Director and Prison Administration. Therefore, the Court will give Plaintiff 30 days in which to take reasonable steps to identify

these individuals and either notify the Court of the Director Defendants' names or file an amended complaint identifying the Director Defendants by name, after which the Court will initiate service of process.

Additionally, before this matter proceeds to service of process, Plaintiff will be given leave to file an amended complaint to add facts identifying members of the prison medical staff and describe their wrongdoing, to the extent such facts can be credibly alleged.

IT IS THEREFORE ORDERED:

1.      Plaintiff's Motions to Appoint Counsel, Filing No. 6, Filing No. 10, and Filing No. 13, are denied without prejudice to reassertion.

2.      The following claims shall be dismissed or proceed further as specified below:

a.  Plaintiff's claims against Defendants in their official capacities are dismissed.

b.  For purposes of initial review only, Plaintiff has stated plausible claims for relief against Defendants Prison Medical Director and Prison Administration in their individual capacities.

c.  Plaintiff is granted leave to file an amended complaint to state a plausible claim for relief against specific members of the prison medical staff.

3.      Within 30 days of the date of this Memorandum and Order, Plaintiff shall identify the names of Defendants Prison Medical Director and Prison Administration by

either filing a notice of their names with the Court or filing an amended complaint identifying these Defendants by name in accordance with the procedures set forth below.

4.      Plaintiff shall have 30 days in which to file an amended complaint in accordance with this Memorandum and Order.  Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him.

5.      If Plaintiff files an amended complaint, he shall restate the allegations of the Complaint and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.  Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

6.      In filing an amended complaint, Plaintiff should be mindful to identify the individual Defendants and explain what each Defendant did to him, when the Defendant did it, and how the Defendants' actions harmed him.

7.      Failure to take any action will result in dismissal of this matter without prejudice and without further notice.

8.      The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

9.      The Clerk of the Court is directed to send to Plaintiff a form Complaint for Violation of Civil Rights (Prisoner).

10.     The Clerk of the Court is directed to set the following pro se case management deadline: **August 25, 2023—** check for notification of names of Defendants Prison Medical Director and Prison Administration and amended complaint.

14

11.    Plaintiff's Motion for Court Ordered Case Progression, Filing No. 11, is denied as premature, consistent with this Memorandum and Order.

12.    Plaintiff's Motion to File Exhibits A, B, C, and D, Filing No. 12, is granted.

Dated this 25th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge